OPINION. HaeROn, Judge: The deficiency of $2,514.99 for 1945 results from an adjustment made by the respondent on April 12, 1952, the date of the mailing' of the deficiency notice. The determination of a deficiency for 1945, on April 12, 1952, was barred by the statute of limitations unless section 3801 of the Code applied, as respondent contends. Petitioner tabes the view that section 3801 does not apply. He relies upon James Brennen, 20 T. C. 495. Briefly summarized, the facts are as follows: The petitioner purchased bonds in 1944. He claimed in his 1944 return a deduction of $10,000 representing the full amount of amortizable bond premium which he deducted under section 125, Internal Revenue Code. He sold the bonds in 1945. Having deducted $10,000 in 1944 for amortized bond premium, he adjusted the basis of the bonds, accordingly, in computing the amount of the gain in his 1945 return. As later developed, petitioner’s treatment was correct under the rule expressed in Commissioner v. Korell, 339 U. S. 619, affirming 176 F. 2d 152, which affirmed 10 T. C. 1001. However, the respondent disallowed the deduction taken on the 1944 return determining, in effect, that the premium for the bonds was not amortizable in full in the year of acquisition under sections 23 (v) and 125 of the Code, and determined a deficiency for 1944. The respondent originally took a correspondingly higher basis for the bonds for computing gain realized upon sale, in accordance with his determination for 1944, and he reduced the amount of the gain realized in 1945, and determined, originally, an overassessment of petitioner’s tax for 1945. He then applied the overassessment thus determined for 1945 as a credit against the deficiency for 1944, and petitioner paid a deficiency for 1944 in a net amount resulting from the aforementioned credit. Thereafter, petitioner timely filed a claim for refund of 1944 tax allegedly overpaid. Following the decision of the Supreme Court in the Korell case, the Commissioner allowed petitioner’s claim for refund of the overpayment of tax for 1944. Thereafter, on April 12, 1952, the Commissioner asserted the deficiency for 1945 (which involved going back to the adjusted basis of the bonds under the rule of the Korell case), using the adjusted basis for computing gain in 1945 which petitioner originally adopted in his return for 1945, upon which basis the larger amount of gain upon sale was computed and reported by the petitioner. In the Brennen case, the facts were the same. We pointed out there that “the party who invokes the exception to the basic statutory limitation period must * * * assume the burden of proving all of the prerequisites to its application,” citing D. A. MacDonald, 17 T. C. 934, 940. The burden is upon the respondent. In this proceeding, on brief, the respondent recognizes that the rule announced in the Brennen case precludes our sustaining his contentions here, but he urges us to overrule our decision in the Brennen case. We need not repeat here what we said in the Brennen case. We adhere to the view there expressed. Accordingly, it is held that subsections (b) (2) and (b) (5) of section 3801, Internal Revenue Code, do not apply under the facts of this proceeding. The respondent relies upon subsection (b) (3)[1]of section 3801, which is set forth in the margin, in addition to subsections (b) (2) and (b) (5), thereby bringing before us consideration of one of the other provisions of section 3801 which was not before us in the Brermen case. Subsection (b) (3) applies to a determination which “requires the exclusion from gross income of an item.” Respondent, in invoking subsection (b) (3), argues that a deduction from gross income is equivalent to an exclusion from gross income for the purposes of subsection (b) (3). The respondent cites no authority in support of this novel contention, and, in our opinion, it is without merit. The determination made by the respondent, relating to the year 1944, did not require “the exclusion-from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year.” Since the deficiency is barred by the statute of limitations, Decision will be entered for feiitioner. SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES. (b) Circumstances op Adjustment. — When a determination under the Income tax laws— * * * • * * * h (3) Requires the exclusion from gross Income of an Item with respect to which tax was paid and which was erroneously excluded or omitted from the gross Income of the taxpayer for another taxable year or from the gross Income of a related taxpayer; or